**UNITED STATES of America, Plaintiff,**

v.

**Santo GRAZIANO, also known as Graziano Santo, Defendant.**

**Civ. A. No. 18244.**

United States District Court E. D. Michigan, S. D.

June 29, 1961.

Lawrence Gubow, U. S. Atty., William H. Merrill, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Harry Kobel, Detroit, Mich., for defendant.

THORNTON, District Judge.

Santo Graziano has moved to vacate and set aside an order of this Court dated December 2, 1958, which cancelled his certificate of naturalization (dated December 22, 1930). The grounds for the

motion fall into two categories. The first relates to the two affidavits of non-residence—one affidavit being that of a Vice Consul of the United States, the other that of a United States Marshal. The second category relates to the time lapse between the date of the order of publication and the dates when the affidavit of default and regularity and the order pro confesso were filed.

We will start with the latter category. It is Graziano's contention that the filing on October 24, 1958, of the affidavit of default and regularity and the filing on October 27, 1958, of the order pro confesso were premature because these dates were less than three months from the date of the order of publication (July 30, 1958). It is a matter of record, however, that the Order of Cancellation was entered December 2, 1958. This date is, of course, considerably more than three months from the date of the order of publication (July 30, 1958) and this fact, in our opinion, cures the defect of alleged prematurity as to the affidavit of default and the order pro confesso filed October 24, 1958, and October 27, 1958, respectively. Graziano had more than three months in which to appear and in which time he could have avoided the entry of a default order of cancellation, despite the existence of the affidavit of default of October 24, 1958, and of the order pro confesso of October 27, 1958. It was two and a half years before he took any steps to set aside the order of cancellation. There has been no prejudice to Graziano on this score.

Now for the other ground urged by Graziano. Attached to the Complaint to Cancel Citizenship is an Affidavit regarding Permanent Residence Abroad executed in Palermo, Italy, by a Vice Consul of the United States. Its obvious purpose is to set forth the facts constituting the grounds for denaturalization. It bears the date of June 24, 1957, and, among other things, it states that on that date Graziano was residing in Italy, having established permanent residence there on or about June 23, 1931. It is this affidavit, dated June 24, 1957, which was used by the Assistant United States Attorney as the basis for advising the Marshal, in July of 1958, that Graziano could not be found in the United States. Upon such advice the summons and complaint were returned not found. On July 29, 1958, the Assistant United States Attorney filed the affidavit of non-residence which is also based on the one-year-old affidavit. In this affidavit the Assistant United States Attorney states that the United States Marshal had certified in the return of the summons that he had made a "diligent search for said defendant but that service upon said defendant could not be effected." Obviously it is unwarranted to rely upon a year-old report of a person's residence as proof that he is not in or at another place today. However, there is certainly a justifiable inference that a man who has lived in Italy from 1931 until 1957 is still living there, but that is not enough for the purpose herein. Would it have been too burdensome to have secured an up-to-date affidavit, at least more up-to-date than this one? We think that the Government should, in such cases, make an effort to show more concretely that the person is, in fact, not here. But we think that in a proceeding to set aside an order of this Court the moving party has a duty also. If he were, in fact, living in Italy during the period from July 30, 1958, to December 2, 1958, then he is not prejudiced one iota by the use of the year-old affidavit. It was just as valid as if executed the next year, and the return of the Marshal was just as valid as though he had searched the entire United States. The only prejudice resulting to Graziano exists in the event, and only in the event, that he was actually in this country during the period, or any part thereof, of July 30, 1958, to December 2, 1958. We think that it was incumbent upon him to have shown this as part of his case on this motion, by affidavit or otherwise.

The motion of Graziano to set aside and vacate the order of cancellation heretofore entered on December 2, 1958, is hereby denied Provided, however, that the Court will reserve jurisdiction in

this matter for the purpose of entertaining a renewed motion of like character, to be filed within 90 days from date, in the event that Graziano is able to show his presence in this country during the critical period as above described.